UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **CIVIL ACTION NO.:** |
| **versus** | * | **SECTION:** <br> **DISTRICT JUDGE** |
| **UNIQUE FURNITURE SOURCE, INC., DBA OLD SOUTH LIGHTING AND IRONWORKS, ROBBY L. TURNER, HENRY HAWNEY AND JENNIFER AMEDEE HAWNEY** | | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**NOW INTO COURT**, comes Plaintiff State Farm Fire and Casualty Company ("State Farm"), through their attorney of record, who brings this complaint for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 respectfully avers:

**Parties**

1.

Plaintiff State Farm is a foreign insurer, incorporated in the State of Illinois with its principal place of business in the State of Illinois.

2.

Defendants are:

    A. Unique Furniture Source, Inc., DBA Old South Lighting and Ironworks, is a Louisiana Corporation with its principal place of business in East Baton Rouge, State of Louisiana.

1

B. Robby L. Turner, a person of the full age of majority, and a resident and domiciliary of the Parish of East Baton Rouge, State of Louisiana.

C. Defendant Henry Hawney, a person of the full age of majority, and a resident and domiciliary of the Parish of Orleans, State of Louisiana.

D. Defendant Jennifer Amedee Hawney, a person of the full age of majority, and a resident and domiciliary of the Parish of Orleans.

3.

This Court has jurisdiction under 28 U.S.C. § 1332, because the dispute is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4.

Venue lies in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b)(1) and (2) as all acts giving rise to the Complaint occurred within the Eastern District of Louisiana.

5.

State Farm issued a Home Product Sales Policy to Unique Furniture Source, Inc., A/K/A Old South Lighting and Ironworks which provides Business Liability coverage with $1,000,000 policy limits, subject to the terms and condition of the policy.

6.

There is an underlying lawsuit entitled *Henry Hawney and Jennifer Amedee Hawney versus Unique Furniture Source, Inc., A/K/A Old South Lighting and Ironworks, and Robby L. Turner*, in Civil District Court for the Parish of Orleans, State of Louisiana, number 2021-7029. State Farm was not a named defendant in the underlying lawsuit.  See the **Petition attached and marked as Exhibit 1.**

7.

Henry Hawney and Jennifer Hawney obtained a Judgment against Unique Furniture Source, Inc., in lawsuit seeking damages entitled *Henry Hawney and Jennifer Amedee Hawney versus Unique Furniture Source, Inc., A/K/A Old South Lighting and Ironworks, and Robby L. Turner*, in Civil District Court for the Parish of Orleans, State of Louisiana, number 2021-7029 confirming an arbitration Final Award awarding the following:

a. Unique Furniture Source, Inc., is liable for the cost to replace the nonconforming glass, cost to refinish the defects in the doors supplied, and for legal costs incurred by Henry and Jennifer Amedee Hawney, and is ordered to pay the sum of $87,419.52.

b. The administrative fees and expenses of the American Arbitration Association totaling $5,900.00 and the compensation and expenses of the arbitrator totaling $30,625.00 shall be borne by Unique Furniture Source, Inc. Unique Furniture Source, Inc. shall reimburse Plaintiffs the additional sum of S21,212.50, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Plaintiffs.

See **Notice of Signing of Judgment dated September 27, 2024 and Judgment attached and marked as Exhibit 2.**

The total amount of the above Judgment in favor Henry Hawney and Jennifer Hawney and against Unique Furniture Source, Inc., is $145,157.02.

8.

A Judgment on Motion for New Trial was granted in the lawsuit entitled *Henry Hawney and Jennifer Amedee Hawney versus Unique Furniture Source, Inc., A/K/A Old South Lighting and Ironworks, and Robby L. Turner*, in Civil District Court for the Parish of Orleans, State of

Louisiana, number 2021-7029 stating "Plaintiffs may file a motion to join Defendants' insurer pursuant to Louisiana's direct action statute, La. R.S. 22:1269." See **Notice of Signing of Judgment dated December 2, 2024 and Judgment attached and marked as Exhibit 3.**

9.

A Motion to Join State Farm as Soligary Obligor was filed by Henry Hawney and Jennifer Amedee Hawney in the lawsuit entitled *Henry Hawney and Jennifer Amedee Hawney versus Unique Furniture Source, Inc., A/K/A Old South Lighting and Ironworks, and Robby L. Turner*, in Civil District Court for the Parish of Orleans, State of Louisiana, number 2021-7029. See **Motion to Join State Farm as Solidary Obligor and served through the Secretary of State service on May 19, 2025 attached and marked as Exhibit 4.**

10.

Unique Furniture Source, Inc., first notified State Farm of the lawsuit entitled *Henry Hawney and Jennifer Amedee Hawney versus Unique Furniture Source, Inc., A/K/A Old South Lighting and Ironworks, and Robby L. Turner*, in Civil District Court for the Parish of Orleans, State of Louisiana, number 2021-7029, on or about June 21, 2023. State Farm sent Unique Furniture Source, Inc., Old South Lighting and Ironworks, and Robby L. Turner a reservation of rights letter dated June 27, 2023. See the **State Farm reservation of rights letter dated June 27, 2023 attached and marked as Exhibit 5.**

11.

State Farm brings this action to obtain a Declaratory Judgment on the grounds that the State Farm policy issued to Unique Furniture Source, Inc., DBA Old South Lighting and Ironworks does not provide insurance coverage to the Unique Furniture Source, Inc., DBA Old South Lighting and Ironworks and Robby L. Turner for the Judgment confirming the arbitration Final

4

Award (see **Exhibit 2**) in the lawsuit entitled *Henry Hawney and Jennifer Amedee Hawney versus Unique Furniture Source, Inc., A/K/A Old South Lighting and Ironworks, and Robby L. Turner*, in Civil District Court for the Parish of Orleans, State of Louisiana, number 2021-7029.

12.

The Award of Arbitrator dated June 12, 2024, made the following Final Award:

(1) Respondent, Unique Furniture Source, Inc,, is liable for the cost to replace the nonconforming glass, cost to refinish the defects in the doors supplied, and for legal costs incurred by Claimants, Henry and Jennifer Amedee Hawney, and is ordered to pay Claimants the sum of $87,419.52.

(2) The administrative fees and expenses of the American Arbitration Association totaling $5,900.00 and the compensation and expenses of the arbitrator totaling $30,625.00 shall be borne by Unique Furniture Source, Inc. Therefore, Unique Furniture Source. Inc. shall reimburse Claimants the additional sum of $21,212.50, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimants.

(3) The amount due to Claimants shall be paid no later than July 16, 2024.

(4) Claimants shall be entitled to interest at the rate of 8.75% per annum on any amount not paid by the due date.

(5) The claims against Mr. Turner personally are denied and dismissed.

(6) This Final Award fully settles and resolves all claims and defenses brought and/or related to the issues arising in this arbitration. Any other claims, defenses, facts, issues. requests, and/or arguments not specifically addressed herein are denied or denied as moot or as unnecessary to the Tribunal's decisions.

See the **Award of Arbitrator dated June 12, 2024 attached and marked as Exhibit 6.**

<u>**State Farm's Insurance Policy**</u>

13.

The Award of Arbitrator dated June 12, 2024 (**Exhibit 6**) and the Judgment dated September 27, 2024 (**Exhibit 2**) based on the claims asserted in the lawsuit entitled *Henry Hawney and Jennifer Amedee Hawney versus Unique Furniture Source, Inc., A/K/A Old South Lighting and Ironworks, and Robby L. Turner*, in Civil District Court for the Parish of Orleans, State of Louisiana, number 2021-7029 are not covered under the State Farm policy.

14.

The property damage awarded is not covered by policy.

15.

The property damage awarded was not caused by an occurrence as defined by the policy.

16.

There was no damage awarded for "personal and advertising injury" caused by an offense arising out of your business as defined by the policy or caused by an occurrence as defined by the policy.

17.

The attorney fees awarded are not covered by the policy.

18.

The policy excludes coverage for contractual liability owed by the insured.

19.

The property damage and attorney fees for which the insured is obligated to pay are excluded by the policy.

20

The property damage for which the insured is obligated to pay damage by reason of the assumption of liability in a contract or agreement is not covered by the policy.

21.

The policy excludes property damage to part of any property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it.

22.

The policy excludes property damage to the insured's product.

23.

The policy excludes property damage to the insured's work arising out of it or any part of it and included in the "products-completed operations hazard".

24.

The policy excludes property damage to "impaired property" or property that has not been physically injured, arising out of a defect, deficiency, inadequacy or dangerous condition in the insured's product or the insured's work.

25.

The policy excludes property damage to "impaired property" or property that has not been physically injured, arising out of a delay or failure by the insured or anyone acting on behalf of the insured to perform a contract or agreement in accordance with its terms.

26.

State Farm was not notified as soon as practicable of this suit.

27.

The State Farm policy in SECTION II — LIABILITY provides:

Coverage L - Business Liability

1. When a Limit Of Insurance is shown in the Declarations for **Coverage L — Business Liability**, we will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured by counsel of our choice against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", if all of the allegations of the "suit" are explicitly excluded by this insurance. We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" with or without the insured's consent, for any reason and at any time.  But,

   a. The amount we will pay for damages is limited as described in SECTION II — LIMITS OF INSURANCE and,
   b. Our right and duty to defend end when we have used up the applicable Limit Of Insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Section II - Supplementary Payments

2. This insurance applies:
   a. To "bodily injury" and "property damage" only if:
      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory":
      (2) The "bodily injury" or "property damage" occurs during the policy period; and
      (3) Prior to the policy period, no insured listed under Paragraph l.a. of SECTION II — WHO IS AN INSURED and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

   b. To "personal and advertising injury" caused by an offense arising out of your business, but only if the

8

> offense was committed in the "coverage territory" during the policy period.
>
> 3. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1..a. of SECTION II WHO IS AN INSURED or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of "bodily injury" or "property damage" after the end of the policy period.
>
> 4. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1.a. of SECTION II WHO IS AN INSURED or any "employee" authorized by you to give or receive notice of an "occurrence" or claim.
>> a. Reports all. or any part, of the "bodily injury" or "property damage" to us or any other insurer;
>> b. Receives a written or verbal demand or claim for damages, or other relief, because of the "bodily injury" or "property damage": or
>> c. Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

28.

The State Farm policy defines "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury caused by the "bodily injury'. The Final Award in the Award of Arbitrator dated June 12, 2024, and recognized by the Judgment dated September 27, 2024, based on the claims by Henry Hawney and Jennifer Amedee Hawney are not "Bodily injury" as defined by the policy.

29.

The State Farm policy defines "Impaired property" means tangible property, other than

"your product" or "your work", that cannot be used or is less useful because:

> a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
> b. You have failed to fulfill the terms of a contract or agreement;
> if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

The Final Award in the Award of Arbitrator dated June 12, 2024, and recognized by the Judgment dated September 27, 2024, based on the claims by Henry Hawney and Jennifer Amedee Hawney are not "Impaired property" as defined by the policy.

30.

The State Farm policy defines "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. The Final Award in the Award of Arbitrator dated June 12, 2024, and recognized by the Judgment dated September 27, 2024, based on the claims by Henry Hawney and Jennifer Amedee Hawney are not "Occurrence" as defined by the policy.

31.

The State Farm policy defines "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

> a. False arrest, detention or imprisonment;
> b. Malicious prosecution;
> c. The wrongful eviction from, wrongful entry into, or invasion of the right of privacy, of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
> d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
> e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
> f. The use of another's advertising idea in your "advertisement"; or
> g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

The Final Award in the Award of Arbitrator dated June 12, 2024, and recognized by the Judgment dated September 27, 2024, based on the claims by Henry Hawney and Jennifer Amedee Hawney are not "Personal and advertising injury" as defined by the policy.

31.

The State Farm policy defines "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

The Final Award in the Award of Arbitrator dated June 12, 2024, and recognized by the Judgment dated September 27, 2024, based on the claims by Henry Hawney and Jennifer Amedee Hawney are not "Property damage" as defined by the policy.

32.

The State Farm policy Section II — Exclusions excludes coverage for contractual liability. The police provides:

Applicable to Coverage L — Business Liability, this insurance does not apply to:

2. Contractual Liability
"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
    a. That the insured would have in the absence of the contract or agreement; or
    b. Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
    (1) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
    (2) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this

insurance applies are alleged.

The Final Award in the Award of Arbitrator dated June 12, 2024, and recognized by the Judgment dated September 27, 2024, based on the claims by Henry Hawney and Jennifer Amedee Hawney were based on contractual liability not covered by the State Farm policy.

33.

The State Farm policy Section II — Exclusions exclude coverage for the following as stated in paragraph 12 f. That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it. The Final Award in the Award of Arbitrator dated June 12, 2024, and recognized by the Judgment dated September 27, 2024, based on the claims by Henry Hawney and Jennifer Amedee Hawney were based on property that must be restored, repaired or replaced because the insured's work was incorrectly performed, so it is not covered by the State Farm policy.

34.

The State Farm policy Section II — Exclusions excludes coverage for the following as stated in paragraph 13. Damage To Your Product for "Property damage" to "your product" arising out of it or any part of it. The Final Award in the Award of Arbitrator dated June 12, 2024, and recognized by the Judgment dated September 27, 2024, based on the claims by Henry Hawney and Jennifer Amedee Hawney were based on damage to the insured's product, so it is not covered by the State Farm policy.

35.

The State Farm policy Section II — Exclusions exclude coverage for the following as stated in paragraph 14. Damage To Your Work for "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard". The Final Award

in the Award of Arbitrator dated June 12, 2024, and recognized by the Judgment dated September 27, 2024, based on the claims by Henry Hawney and Jennifer Amedee Hawney were based on property damage to the insured's work, so it is not covered by the State Farm policy.

36.

The State Farm policy Section II — Exclusions exclude coverage for the following as stated in the following paragraph

**15. Damage To Impaired Property Or Property Not Physically Injured**
"Property damage" to "impaired property" or property that has not been physically injured, arising out of:
    a. A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work";
    or
    b. A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
    This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

The Final Award in the Award of Arbitrator dated June 12, 2024, and recognized by the Judgment dated September 27, 2024, based on the claims by Henry Hawney and Jennifer Amedee Hawney were based on property damage that are excluded by the above policy language, so it is not covered by the State Farm policy.

37.

The State Farm policy requires the insured to notify State Farm as soon as practicable of an "occurrence". The State Farm policy provides:

SECTION Il — GENERAL CONDITIONS
                                  * * *
3. Duties In The Event Of Occurrence, Offense, Claim Or Suit
  a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
      (1) How, when and where the "occurrence" or offense took place;
      (2) The names and addresses of any injured persons and witnesses; and

13

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

  b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  c. You and any other involved insured must:

      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      (2) Authorize us to obtain records and other information;

      (3) Cooperate with us in the investigation, or settlement of the claim or defense against the "suit"; and

      (4) Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

The insured did not provide State Farm notice of this claim or lawsuit until June 21, 2023, which was not as soon as practicable possible. The insured failed to abide by the duties required by the contract, therefore, there should be no coverage.

38.

The terms, coverages, limitations and exclusions of the State Farm policy apply herein and are specifically pled as if copied *in extenso* herein.

39.

State Farm reserves the right to deny coverage based on additional facts that may be discovered.

**WHEREFORE**, Plaintiff State Farm Fire and Casualty Company respectfully requests that this Honorable Court to declare and adjudge the controversy, and after due proceedings, the court enter Declaratory Judgment in favor of State Farm and against the Defendants as follows:

a. That the Court adjudicate and declare that Plaintiff State Farm provides no coverage to Defendants under the terms, conditions, exclusions and endorsements set out in the State Farm policy for the Award of Arbitrator dated June 12, 2024 (**Exhibit 6)** and the Judgment dated September 27, 2024 (**Exhibit 2);**

b. That the Court award Plaintiff State Farm all other relief that may be afforded under the Federal Declaratory Judgment Act at Title 28 U.S.C. Section 2201;

c. That State Farm be awarded all other and further relief, legal or equitable, general or specific, as the Court may deem appropriate.

                    Respectfully submitted,

                    */s/ Wm. Ryan Acomb*
                    **WM. RYAN ACOMB (16780)**
                    **Email: racomb@phjlaw.com**
                    **SAMUEL P. MARTIN (39971)**
                    **Email: smartin@phjlaw.com**
                    Porteous, Hainkel & Johnson, L.L.P.
                    704 Carondelet Street
                    New Orleans, LA  70130-3774
                    Telephone:  (504) 581-3838
                    **Counsel for Defendant, *State Farm Fire and Casualty Company***